# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**DEBORAH L. BOARDMAN**
**UNITED STATES DISTRICT JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 20, 2021

LETTER TO COUNSEL

> RE:    *Angela E. v. Kijakazi*
>        Civil No. DLB-20-1888

Dear Counsel:

On June 22, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1.  I have considered the parties' cross-motions for summary judgment and plaintiff's response.  Pl.'s Mem., ECF 14; Def.'s Mem., ECF 15; Pl.'s Reply, ECF 18.  I find no hearing necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Plaintiff filed her claim for benefits on April 5, 2017, alleging an onset date of February 24, 2016.  Administrative Transcript ("Tr.") 245–48.  The SSA denied her claim initially and on reconsideration. Tr. 144, 174–75.  An Administrative Law Judge ("ALJ") held a hearing on March 18, 2019. Tr. 37–102. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 16–36.  Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA.  Tr. 1–6; *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "degenerative disc disease of the lumbar spine, dysfunction of right ankle, obesity, asthma, and bipolar depression." Tr. 21.  Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 C.F.R. § 404.1567(b) except that she is limited
> to occasional pushing or pulling with the right lower extremity and occasional use
> of foot controls with the right lower extremity.  She cannot climb ladders, ropes, or

*Angela E. v. Kijakazi*
Civil No. DLB-20-1888
September 20, 2021
Page 2

> scaffolds, and can occasionally climb ramps or stairs.  She is further limited to occasional balancing, stooping, kneeling, crouching, and crawling.  She is to occasionally avoid the use of moving mechanical machinery and exposure to unprotected heights, fire, and open bodies of water.  She can tolerate frequent exposure to extreme cold, heat, humidity, fog, odors, dusts, gases, poor ventilation[,] and other pulmonary irritants.  She is limited to a low stress work environment, defined as infrequent changes to work processes or procedures.  She is further limited to performing simple and routine tasks and can tolerate occasional interaction with supervisors, coworkers, and the general public.

Tr. 24–25.  After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff was not able to perform her past relevant work but could perform other jobs existing in significant numbers in the national economy.  Tr. 30–31.  Therefore, the ALJ concluded plaintiff was not disabled.  Tr. 31.

On appeal, plaintiff argues the ALJ's decision fails to comport to the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).  Because plaintiff's argument is without merit, I affirm the SSA's decision.

The Fourth Circuit in *Mascio* remanded for, as pertinent to this case, the inadequacy of the ALJ's RFC assessment with respect to the plaintiff's "moderate difficulties" in concentration, persistence, or pace ("CPP").  780 F.3d at 638.  CPP is one of four broad functional areas an ALJ must consider when evaluating a claimant's mental impairments.[1]  20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); *see* 20 C.F.R. § 404.1520a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments).  The ALJ assesses the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis."  20 C.F.R. § 404.1520a(c)(2).  The ALJ then rates a claimant's degree of limitation in the four areas using a five-point scale: none, mild, moderate, marked, or extreme.  *Id.* § 404.1520a(c)(4).  A moderate limitation signifies the claimant's "fair" abilities in the relevant functional area.  20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

In *Mascio*, the ALJ found the plaintiff moderately limited in CPP but confined the plaintiff's nonexertional RFC only to "unskilled work."  780 F.3d at 637–38.  The Fourth Circuit remanded, holding an ALJ does not summarily account for a moderate CPP limitation by restricting a claimant to "simple, routine tasks or unskilled work . . . [because] the ability to perform simple tasks differs from the ability to stay on task."  *Id.* at 638; *see Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).  The Fourth Circuit subsequently emphasized *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate [CPP] limitations . . . as a specific limitation in the RFC."  *Shinaberry*, 952 F.3d at 121 (finding the ALJ adequately explained how an RFC limited to simple, routine, and repetitive tasks accounted for the plaintiff's

---

[1] Three other functional areas also require assessment: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself.  20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

*Angela E. v. Kijakazi*
Civil No. DLB-20-1888
September 20, 2021
Page 3

moderate CPP limitation because the ALJ referenced psychological evaluations and the plaintiff's adult function report, all of which supported his conclusion); *see also Sizemore v. Berryhill*, 878 F.3d 72, 79–81 (4th Cir. 2017) (holding two medical opinions substantially supported the ALJ's determination that the plaintiff could work in a low stress setting, defined as non-production jobs without any fast-paced work, despite his moderate CPP limitation).

> In this case, the ALJ found plaintiff was moderately limited in CPP:

> With regard to concentrating, persisting, or maintaining pace, the claimant has [a] moderate limitation.   The claimant alleges experiencing difficulties in concentration and focusing to complete tasks.   The claimant has endorsed impulsive spending during manic episodes and providers have remarked upon the claimant being 'compulsive.'   However, mental status examinations throughout the record reflect normal concentration and attention and no deficits in insight, judgment, or though process.   In daily life, the claimant retains the concentration and cognition to watch television, drive a motor vehicle, and pay bills.

Tr. 24.  The ALJ then concluded plaintiff retained the RFC to, as pertinent here, "perform[] simple and routine tasks."  Tr. 25.  Plaintiff argues that these combined findings require remand pursuant to *Mascio* because the RFC does not account for plaintiff's ability to stay on task and the ALJ did not explain why no such accounting was necessary.  Pl.'s Mem.; Pl.'s Reply.  I disagree.

> The question presented here is whether substantial evidence supports the ALJ's determination that plaintiff could perform simple and routine tasks, despite her moderate CPP limitation.  On this question, *Sizemore* is on point.  *See* 878 F.3d at 80–81.  In *Sizemore*, the Fourth Circuit affirmed an ALJ's RFC determination that the moderately CPP-limited plaintiff could maintain CPP when confined to "simple one, two-step tasks."  *Id.* at 81.  The ALJ assigned "significant weight" to the opinions submitted by a consulting examiner and psychological consultant.  *Id.* at 80.  Both opined the plaintiff was capable of performing simple tasks on a sustained basis.  *Id.* at 80–81.  Thus, the Fourth Circuit concluded the opinions "provided substantial support for the ALJ's finding that, despite [the plaintiff's] overall moderate difficulties with [CPP], he would nonetheless be able to *stay on task* while performing 'simple one, two-step tasks,' as long as he was 'working in low stress non-production jobs with no public contact.'"  *Id.* at 81 (emphasis in original).

Here, as in *Sizemore*, the ALJ credited a medical consultant examiner's opinion that supported her conclusion with respect to plaintiff's CPP limitation.  The ALJ found the initial state agency consultant's opinion was "partially persuasive as it [was] consistent with the objective evidence of record."  Tr. 27.  The consultant found that plaintiff was moderately limited in CPP but could nonetheless "persist at tasks within physical tolerances and skill levels for an eight-hour day, with regular breaks and normal levels of supervision."  Tr. 152.  With respect to plaintiff's skill level, that consultant opined plaintiff could "cooperate on simple, routine tasks and transactions" and that she "appear[ed] capable of performing simple, unskilled repetitive assignments [and] tasks."  Tr. 152–53.  The ALJ noted disagreement with the evaluation only to the extent of plaintiff's

*Angela E. v. Kijakazi*
Civil No. DLB-20-1888
September 20, 2021
Page 4

ability to adapt and manage herself, "given [plaintiff's] frequent endorsement of requiring significant assistance with activities of daily living." Tr. 28. This evidence, and the ALJ's discussion of it, provides a sufficient basis for the ALJ's RFC determination with respect to plaintiff's CPP limitation. To be sure, the ALJ could have been more explicit in her decision, but I am nonetheless able to determine that the ALJ employed legally sufficient reasoning and that her conclusion is supported by substantial evidence. *See* 878 F.3d at 80–81; 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence shall be conclusive . . . ."). Remand is therefore inappropriate.

Further, I disagree with plaintiff that *Talmo v. Comm'r, Soc. Sec.*, No. ELH-14-2214, 2015 WL 2395108 (D. Md. May 19, 2015), requires remand in this case. *See* Pl.'s Reply. First, *Talmo* preceded two significant Fourth Circuit opinions that narrowed, or at least clarified, *Mascio*'s application. *See Shinaberry*, 952 F.3d at 121; *Sizemore*, 878 F.3d at 80–81. Second, in *Talmo*, the Commissioner argued the ALJ adequately explained the conclusion by writing the plaintiff "retain[ed] the capacity to concentrate and pay attention perform within a schedule, produce an adequate amount of work, and limit breaks to times permitted." 2015 WL 2395108, at *3. That statement merely amounted to a recitation of the ALJ's conclusion. The Court observed that "[a]bsent from the ALJ's opinion, however, was any evidentiary support for her conclusions." *Id.* The Commissioner argued "the ALJ's reference to treatment notes documenting intact attention, concentration, and memory constituted adequate support for her conclusions." *Id.* Because "[t]he ALJ did not connect the treatment notes cited by the Commissioner" to the CPP finding, the Court remanded. *Id.* However, the Court drew a clear distinction between treatment notes and opinion evidence:

> In support of her argument, the Commissioner also cites excerpts from a consultative examination to which the ALJ expressly assigned "little weight." I note that the ALJ could certainly cite a consultative examination to explain why moderate difficulties in [CPP] did not translate into functional limitations in a claimant's RFC. It would be particularly inappropriate in this case, however, to infer a connection between a report that the ALJ explicitly assigned "little weight," and the ALJ's decision to omit functional limitations from her RFC assessment.

*Id.* at n.2 (internal citations omitted). Here, unlike in *Talmo*, the ALJ did not assign the consultant's opinion little weight. *See id.*; Tr. 27. The ALJ expressed agreement with the opinion except to the extent of the adaptation limitations. Tr. 27–28. While the ALJ in this case cited the opinion of a reviewing consultant rather than an examining consultant, the consultant's opinion was nonetheless based on a review of the record and thus differs in quality from scattered treatment notes. *See* 20 C.F.R. § 404.1513a ("When a State agency medical or psychological consultant makes the determination together with a State agency disability examiner at the initial or reconsideration level of the administrative review process as provided in § 404.1615(c)(1), he or she will consider the evidence in your case record and make administrative findings about the medical issues, including . . . your residual functional capacity."). Indeed, in both *Shinaberry* and *Sizemore*, the Fourth Circuit found opinion evidence provided the necessary substantial support for the ALJs' conclusions. *See Shinaberry*, 952 F.3d at 121; *Sizemore*, 878 F.3d at 80–81.

*Angela E. v. Kijakazi*
Civil No. DLB-20-1888
September 20, 2021
Page 5


Ultimately, the law confines my review to whether the ALJ employed correct legal standards in making factual findings supported by substantial evidence.  *Craig*, 76 F.3d at 589. Inherently limited in scope, substantial evidence review asks only whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971).  The inquiry is therefore not whether I agree with the ALJ's conclusions but whether "more than a mere scintilla" of evidence supports them.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  On the record before me, I find the ALJ applied correct legal standards and made findings supported by substantial evidence.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 14, is denied, and defendant's motion for summary judgment, ECF 15, is granted.  The SSA's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States District Judge